NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE RANDEL JOHNSON, | ) | No. C 07-4417 JF (PR) |
| Petitioner, | ) ) | ORDER OF PARTIAL DISMISSAL AND TO SHOW CAUSE |
| vs. | ) ) | |
| ANTHONY KANE, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

Petitioner was convicted in Monterey County Superior Court of attempted robbery, assault, drug possession, and assault with intent to commit great bodily harm. Sentence enhancements for prior "strike" convictions were found to be true, and the trial court sentenced petitioner to a term of 50 years to life plus eight years and six months in state prison. Petitioner appealed his conviction, and the state appellate court affirmed. His petition for review to the California Supreme Court was denied. Petitioner thereafter filed

a petitions for a writ of habeas corpus in the California Supreme Court, which was denied. Finally, petitioner filed the instant federal habeas petition.

## DISCUSSION

A.  Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  Petitioner's Claim

Petitioner presents the following claims for relief: (1) the application of California's "Three Strikes" laws to Petitioner's prior convictions violated his rights under the Due Process and Ex Post Facto clauses of the federal constitution; (2) the trial court violated Petitioner's right to due process by finding petitioner competent to stand trial; (3) the trial court violated Petitioner's right to due process by admitting "tainted" testimony against Petitioner; (4) Petitioner received ineffective assistance of counsel, in violation of his Sixth Amendment rights; (5) the trial judge assisted the prosecutor during trial, in violation of Petitioner's right to due process; (6) the trial court violated Petitioner's right to due process by failing to sever the trial of two incidents unrelated to Petitioner's case; (7) the trial court violated Petitioner's right to due process by failing to consider California Proposition 36 in connection with the sentence on County 9; and (8) there was insufficient evidence to support Petitioner's conviction on Counts 2 and 4, in violation of Petitioner's right to due process.

Petitioner's first claim is not cognizable. The application of an enhancement due to a prior conviction is not a violation of the Ex Post Facto Clause of the United States Constitution. See McDonald v. Massachusetts, 180 U.S. 311, 312-13 (1901); Fong v.

1 United States, 287 F.2d 525, 526 (9th Cir.1961); see also United States v. Sorenson, 914
2 F.2d 173, 174 (9th Cir. 1990) (dismissing ex post facto challenge as meritless).  The
3 enhancement is not a penalty for the prior offense.  See McDonald, 180 U.S. at 312-13.  It
4 is the repetitive nature of the present offense that the enhancement punishes.  See id.
5 Moreover, if the present crime occurred after the enactment of the statute, priors which
6 occurred before the enactment of the statute may be used to enhance the sentence for the
7 present crime.  See Fong, 287 F.2d at 526.  Consequently, Petitioner's first claim will be
8 dismissed for failure to state a cognizable claim for federal habeas relief.

9       Liberally construed, Petitioner's remaining seven claims are sufficient to require a
10 response.  The Court orders Respondent to show cause why the petition should not be
11 granted.

**CONCLUSION**

13     1.    Petitioner's first claim is DISMISSED for failure to state a cognizable claim
14 for relief.

15     2.    The Clerk shall serve by mail a copy of this order and the petition and all
16 attachments thereto upon Respondent and Respondent's attorney, the Attorney General of
17 the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

18     3.    Respondent shall file with the Court and serve on Petitioner, within **sixty**
19 **days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the
20 Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should
21 not be granted based on the second through eighth claims in the petition.  Respondent
22 shall file with the answer and serve on Petitioner a copy of all portions of the state trial
23 record that have been transcribed previously and that are relevant to a determination of
24 the issues presented by the petition.

25     If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
26 with the Court and serving a copy on Respondent within **thirty days** of his receipt of the
27 answer.

28     4.    Respondent may file a motion to dismiss on procedural grounds in lieu of

Order of Partial Dismissal and to Show Cause
G:\PRO-SE\SJ.Jf\HC.07\Johnson417osc.wpd     3

1  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
2  Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file
3  with the court and serve on Respondent an opposition or statement of non-opposition
4  within **thirty days** of receipt of the motion, and Respondent shall file with the Court and
5  serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

6      5.    It is Petitioner's responsibility to prosecute this case.  Petitioner must keep
7  the Court and all parties informed of any change of address by filing a separate paper
8  captioned "Notice of Change of Address."  Petitioner must comply with the Court's
9  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
10 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11     IT IS SO ORDERED.
12 DATED:  2/29/08

                                        JEREMY FOGEL
13                                         United States District Judge

1  A copy of this ruling was mailed to the following:

2  Joe Randel Johnson
   V-46926
3  California State Prison - CTF
   P.O. Box 705
4  Soledad, CA 93960

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28